**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff–Appellee,

v.

SIGIFREDO MOLINA-VARELA,

    Defendant-Appellant.

No. 17-8068
(D.C. Nos. 2:15-CV-00223-SWS and
2:13-CR-00004-ABJ-2)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

Mr. Sigifredo Molina-Varela went to trial with his wife as a codefendant on criminal charges of conspiracy and possession of a firearm in furtherance of a drug felony. 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; 18 U.S.C. § 924(c)(1)(A). Mr. Molina-Varela was convicted on these charges and unsuccessfully moved to vacate his conviction based on ineffective

---

[*]    The parties have consented to submission on the briefs, and oral argument would not help us decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

    Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

assistance of counsel. He appeals, arguing that his trial attorney was ineffective by failing to move for severance. We reject this argument.

In his motion to vacate, Mr. Molina-Varela alleged that his trial attorney had failed to file any substantive pretrial motions. There, however, Mr. Molina-Varela did not identify any motions that he thought should have been filed. He waited to do so until his reply brief, where he identified eight types of motions that he thought should have been filed. One of these was a motion for severance. But even in his reply brief, Mr. Molina-Varela did not explain to the district court why his attorney should have filed a motion for severance. Thus, a threshold issue is whether Mr. Molina-Varela forfeited the argument in district court. For the sake of argument, we may assume that the issue was preserved.

If the issue had been preserved, we would consider whether Mr. Molina-Varela had shown ineffective assistance of trial counsel. To prevail, Mr. Molina-Varela had to prove that his attorney's representation was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Representation is deficient if it falls "below an objective standard of reasonableness." *Id.* at 688.

Objective reasonableness is a "'highly deferential'" standard. *Grant v. Royal*, 886 F.3d 874, 903 (10th Cir. 2018) (quoting *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011)), *applic. for reh'g filed* (May 23, 2018) (No. 14-6131). Under this standard, we engage in two presumptions.

2

First, we presume that Mr. Molina-Varela's trial counsel provided adequate assistance and acted reasonably in exercising professional judgment. *Id.* Second, we presume that in a conspiracy trial, the alleged co-conspirators should be tried together. *United States v. Clark*, 717 F.3d 790, 817 (10th Cir. 2013); *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009). These dual presumptions preclude relief on the ineffective-assistance claim.[1]

If Mr. Molina-Varela's attorneys had moved for a severance, they would have had to overcome the presumption favoring a joint trial on the conspiracy charges. In the face of this presumption, Mr. Molina-Varela does not

- tell us how his trial attorney could have overcome this presumption or

- identify any prejudice from a joint trial with his wife.

Mr. Molina-Varela contends that severance was appropriate because

- he had left the conspiracy more than a year prior to his arrest and

- events post-dating his withdrawal from the conspiracy should not have been used against him.

---

[1] The district court did not reject Mr. Molina-Varela's claim on this ground. Instead, the court rejected the claim on the basis of Mr. Molina-Varela's failure to allege prejudice. But we may affirm the district court's decision on any basis supported by the record. *United States v. Pam*, 867 F.3d 1191, 1195 n.1 (10th Cir. 2017).

But Mr. Molina-Varela confessed that he had received shipments as part of the conspiracy only about three months prior to arrest. In light of this confession, Mr. Molina-Varela's trial counsel could reasonably have viewed a motion for severance as futile.

Mr. Molina-Varela argues that he was under the influence of drugs while confessing. But his attorney had already argued unsuccessfully for suppression of the confession on this basis. In light of the district court's decision not to suppress the confession, the trial attorney could reasonably have decided not to move for a severance. As a result, we conclude that Mr. Molina-Varela has not shown that his attorney's representation was deficient.

Affirmed.


Entered for the Court


Robert E. Bacharach
Circuit Judge